UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| H.G. GROUND, an individual, d/b/a KADEN AIRMOTIVE, INC. f/k/a HGGCC, INC. | § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| COUNTY OF DALLAS, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, PARKLAND HOSPITAL DISTRICT, DALLAS COUNTY SCHOOL EQUALIZATION FUND, DALLAS INDEPENDENT SCHOOL DISTRICT, THE TOWN OF ADDISON, DAVID CHILDS, ASSESSOR-COLLECTOR OF TAX FOR DALLAS COUNTY, and DALLAS COUNTY CENTRAL APPRAISAL DISTRICT, | § § § § § § § § § § § § § § | NO. 3:08-CV-240-AH |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the written consents of the parties to proceed before a United States Magistrate Judge, and the District Court's transfer order filed on November 7, 2008, in accordance with the provisions of 28 U.S.C. § 636(b), came on to be considered Defendants' motion to dismiss for want of subject matter jurisdiction and Plaintiff's motion for judgment on the pleadings, and the court finds and orders as follows:

DEFENDANT'S MOTION TO DISMISS:

Defendants have moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Dismissal for want of subject matter jurisdiction is required whenever a federal court lacks the statutory or constitutional power to adjudicate a

case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). Where, as in the present case, defendants file a motion to dismiss without any supporting evidentiary material such as affidavits or testimony, the attack is deemed "facial" and "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981).

*Background:*

Plaintiff H.G. Ground ("Plaintiff" or "Ground") filed this action arising from his 2002 purchase of an aircraft. Ground alleges that on or about July 26, 2002, he executed an Aircraft Sales Agreement with Cessna Finance Corporation in Wichita, Kansas to purchase the aircraft at issue, identified as U.S. registration number N711HV, Beech, E-90, serial number LW-246. Complaint ¶¶ 13, 17. The Aircraft Title Status Report, which he obtained from the Federal Aviation Administration (FAA) on July 31, 2002, did not disclose any tax liens filed by Defendants. Complaint ¶ 17. On August 5, 2002, the escrow agent for the sale filed an Aircraft Bill of Sale and the conveyance was recorded with the FAA on September 27, 2002. Complaint ¶ 18.

At some point in 2002, the Defendants (excluding David Childs and the Dallas County Central Appraisal District) filed a lawsuit (No. 02-31363-T-G) against Long-Distance Exchange Corporation f/k/a Comm/Net Services Corporation, the previous owner of the aircraft, in a Texas state court to recover back taxes owed on the aircraft. On March 28, 2003, Defendants filed their First Amended Petition in that action. However, Plaintiff was not given notice of the filing of either the original or the amended petition. Complaint ¶ 20. Defendants learned that Ground was the current owner of the aircraft on April 14, 2003. Complaint ¶ 21. Plaintiff in turn received tax

2

notices in April or early May 2003, which valued the aircraft at $635,000 for tax year 2003 (Ex. C to Ground's Complaint) and indicated that $63,836.91 in back taxes was due for tax years 2000, 2001, and 2002 (Ex. D to Ground's Complaint). Complaint ¶ 24. Ground protested the plane's appraised valuation for tax purposes, resulting in its tax valuation being reduced to 0. Complaint ¶ 24 and Ex. E. He alleges he was advised by an employee in Defendant Childs' office that he was not responsible for the delinquent taxes since a tax lien had not been filed with the FAA. Complaint ¶ 25. On August 25, 2003, Defendants took a default judgment against Long Distance Exchange Corporation in the state court action for $75,935.95. Complaint ¶ 26 and Ex. F. On June 22, 2007, Defendants recorded a tax lien against the aircraft with the FAA in the amount of $106,170.44. Complaint Exs. H, I.

Ground filed his complaint in this action on February 11, 2008. He relies on 49 U.S.C. § 44107(a)(1) and 14 C.F.R. § 49.31(a), which provide that liens are not enforceable against innocent third parties without notice until they are filed with the FAA. Complaint ¶ 31A. He asks the court to enter a declaratory judgment that: (1) Defendants failed to file their notice of tax lien in accordance with the recording requirements of 49 U.S.C. § 44107(a)(1) and 14 C.F.R. § 49.31(a); (2) Defendants' lien is void and has no validity until the date the lien was recorded with the FAA as required by the federal statute; and (3) Ground is an innocent third party who had no actual notice of the tax lien and as such the tax lien is void and not valid as against Ground. Complaint ¶ 31. He also alleges a constitutional due process deprivation claim, asserting that his constitutional rights have been violated because Defendants have attempted to deprive Ground of his property (i.e., the aircraft) without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States. Complaint ¶¶ 35-37. His prayer for relief

3

seeks a judgment declaring Defendants' tax lien and notice of tax lien to be void and of no force or effect as well as recovery of his attorneys' fees and costs. Complaint p. 11

Defendants filed their motion to dismiss on March 5, 2008. Plaintiff filed an opposition brief on March 12, 2008 and simultaneously filed his motion for judgment on the pleadings. Defendants filed their reply brief on March 26, 2008. On April 9, 2008, Plaintiff was granted leave of court to file a sur-reply.[1]

Defendants claim that the court lacks subject matter jurisdiction pursuant to the Tax Injunction Act ("TIA"). The TIA states: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. According to the Fifth Circuit, the TIA "is meant to be a broad jurisdictional impediment to federal court interference with the administration of state tax systems." *Washington v. Linebarger, Goggan, Blair, Pena & Sampson, LLP*, 338 F.3d 442, 444 (5th Cir. 2003) (citing *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir.1979)). The Act bars federal courts from granting declaratory relief in state tax cases. *See California v. Grace Brethren Church*, 457 U.S. 393, 408, 102 S. Ct. 2498 (1982) ("[T]he very language of the Act suggests that a federal court is prohibited from issuing declaratory relief in state tax cases."). It further prohibits federal courts from dissolving liens on property and from entering orders enabling state taxpayers to avoid paying state taxes. *See Dawson v. Childs*, 665 F.2d 705, 710 (5th Cir. 1982) ( "In dissolving a lien on property, a federal court interferes with the state's fiscal program just as surely as if it enjoined collection or

---

[1]The District Court's order directed Plaintiff to file his sur-reply by April 16, 2008. Although Plaintiff did not file an additional sur-reply following the District Court's order, the magistrate judge has considered the sur-reply, a copy of which was attached to Plaintiff's motion for leave to file a sur-reply.

assessment of the tax itself"); *Hibbs v. Winn*, 542 U.S. 88, 107, 124 S. Ct. 2276 (2004) (holding that the Act applies when "state taxpayers seek federal court orders enabling them to avoid paying state taxes"). "It is well-settled that the statute applies not only to taxes imposed by states, but also to those imposed by municipalities." *Home Builders Ass'n of Miss.*, 143 F.3d at 1010.

Where, as here, the action involves an ordinance imposing a tax, the federal district court may only exercise its jurisdiction if the state does not provide a "plain, speedy and efficient" remedy. *Dawson*, 665 F.2d at 710. A state court remedy is "plain, speedy and efficient" if it "provides the taxpayer with a full hearing and judicial determination at which [he] may raise any and all constitutional objections to the tax." *Grace Brethren Church*, 457 U.S. at 411 (internal quotations omitted). "A state's remedies need not be the best of all remedies; they must merely be adequate." *Home Builders Ass'n*, 143 F.3d at 1012.

Ground has an adequate remedy in Texas state court. He does not claim that a Texas court cannot hear his claim or would not provide a remedy for his claims. The Fifth Circuit has held that Texas courts provide taxpayers with adequate remedies, finding that Texas provides a "vast arsenal to assure orderly adjudication" of such cases, which includes a state court declaratory judgment action, an action for injunctive relief from the illegal tax assessments or the option of paying the disputed tax and then making application to the Tax Collector for refund pursuant to Tex.Rev.Civ.Stat.Ann. art. 7261. *Dawson*, 665 F.2d at 710 (vacating portions of district court opinion purporting to dissolve tax liens on property) (citing *City of Houston v. Standard Triumph Motor Co.*, 347 F.2d 194 (5th Cir. 1965), cert. denied, 382 U.S. 974 (1966)). Finally, Texas courts have, on at least two occasions, adjudicated cases involving issues similar to those raised here by Ground specifically citing the FAA's aircraft title recording requirements. *See Lubbock*

5

*Central Appraisal Dist. v. Silverstar Aviation, Inc.*, 2001 WL 1251695, at *3 (Tex. App. – Amarillo Oct. 19, 2001, no pet.) (affirming a take nothing judgment in tax appraisal district's action against aircraft owner for taxes owed on helicopter, citing 49 U.S.C. 44107 and holding that under Texas law new owner was not liable for any liability or obligation of previous owner)[2]; *Alief Independent School Dist. v. Moses*, 1991 WL 188705, at *1 (Tex. App. – Houston (14th Dist.) Sept. 26, 1991, no pet.) (reversing the trial court's take nothing judgment as there was no evidence to support the jury's finding that the taxing district had actual knowledge of sale of airplane and, because the title transfer was not filed with the FAA under the predecessor statute to 49 U.S.C. § 44107). Because Texas courts provide Ground an adequate remedy, the TIA applies and, therefore, this court does not have subject matter jurisdiction over this dispute.

Ground claims that 49 U.S.C. § 44107(a)(1), a federal recording statute requiring all conveyances, liens and other instruments affecting title to or an interest in an aircraft be recorded with the FAA, confers jurisdiction on the court. He argues that the statute preempts state law and, therefore, his case is properly brought in federal court. According to the Supreme Court, the statute requires "that every aircraft transfer must be evidenced by an instrument, and every such instrument must be recorded, before the rights of innocent third parties can be affected." *Philko Aviation, Inc. v. Shacket*, 462 U.S. 406, 409-10, 103 S. Ct. 2476 (1983). Therefore, "state laws permitting undocumented or unrecorded transfers are pre-empted, for there is a direct conflict between [the statute] and such state laws, and the federal law must prevail." *Id*. at 410. Although the federal statute requiring that a tax lien against an aircraft be registered with the FAA to be enforceable would preempt any Texas state law which did not impose a registration requirement,

---

[2] As in the present case, the defendant raised a due process issue with respect to the tax lien. 2001 WL 1251695, at *2.

nothing in the statute creates an independent source of federal jurisdiction. In fact, the statute reserves the issue of the validity of liens, conveyances or other instruments recorded under the statute for determination under state law. 49 U.S.C. 44108 ("The validity of a conveyance, lease or instrument that may be recorded under section 44107 of this title is subject to the laws of the State . . . at which the conveyance, lease, or instrument is located or delivered"). Moreover, the cases cited by Ground for the proposition that the provisions of the Federal Aviation Act create federal question jurisdiction are inapposite as they relate to tax liens since none involves state tax liens or addresses the Act in juxtaposition with the prohibitions imposed by the Tax Injunction Act. In this case, the TIA applies since Ground specifically seeks a declaration from the court relieving him of any liability for payment of the taxes. *See* Complaint at p. 11 (in his prayer for relief, requesting an order that tax lien "be declared void, and of no force or effect whatsoever"). The fact that he relies on the federal recording statute to challenge the validity of the tax lien does not except his claim from the TIA. Therefore, the court does not have subject matter jurisdiction and Ground's claims must be dismissed.

For the reasons discussed above, Defendants' motion to dismiss is granted. Because this court lacks subject matter jurisdiction to hear Plaintiff's claims, Defendants are entitled to judgment dismissing Plaintiff's complaint without prejudice and denying Plaintiff's motion for judgment on the pleadings as being moot.

Signed this 2nd day of February, 2009.

                                              WM. F. SANDERSON, JR.
                                              UNITED STATES MAGISTRATE JUDGE